# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 19, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DEBORAH KAY TOMLIN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1410V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Alexander Laufer, Eisenhower and Laufer, PC, Fairfax, VA, for Petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 30, 2020, Deborah Kay Tomlin ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 41). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$11,949.80**.

I. **Procedural History**

On October 2, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a Tetanus-diphtheria-pertussis vaccine on October 1, 2014, she suffered a shoulder injury related to vaccine administration and brachial neuritis. See Petition (ECF No. 1). On December 2, 2019, Petitioner

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

filed a motion for decision, and on the same day I issued my decision dismissing the petition for insufficient proof. (ECF No. 37).

On June 30, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for her attorneys in the total amount of $10,302.40, representing $9,842.50 in attorneys' fees and $459.90 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants she has personally incurred costs of $1,997.49 in pursuit of her claim. *Id.* Respondent reacted to the fees motion on July 10, 2020, stating that "Respondent defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 42). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, I do not doubt that the case was brought in a good faith belief that Petitioner's injuries were caused by her vaccination. Additionally, upon review of the record, I find that there was a reasonable basis to bring the case, and once it appeared that the case may no longer have reasonable basis, Petitioner voluntarily moved to dismiss her claim. Accordingly, I find that Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of her counsel, Mr. Alexander Laufer: $375.00 per hour for work performed in 2017 and 2018, and $400.00 per hour for work performed in 2019 and 2020. Mr. Laufer's hourly rate for 2017 and 2018 has previously been found to be reasonable. *Strong v. Sec'y of Health & Human Servs.*, No. 15-1108V, slip op. at 3-4 (Fed. Cl. Spec. Mstr. Aug. 18, 2018). I also find the hourly rates requested for his work in 2019 and 2020 to be reasonable for an attorney with Mr. Laufer's credentials.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be largely reasonable. The only reduction necessary is for excessive time

spent on filing documents. Counsel consistently billed 0.4 hours to file documents, from the petition and its attachments to simple status reports. In my experience, it should only take an experienced attorney like Mr. Laufer 0.1 hours to file documents. To account for these issues, I shall reduce the final award of attorneys' fees by $350.00. Petitioner is therefore awarded final attorneys' fees of $9,492.50.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $459.90. This amount is comprised of acquiring medical records and the Court's filing fee. Petitioner has provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioner is therefore entitled to the full amount of costs sought.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $1,997.40 in pursuit of her claim. This amount is comprised of diagnostic tests conducted after the filing of the petitioner in order to develop support for the allegations of the petition. Fees App. Ex. 4 at 1. Petitioner has provided adequate documentation supporting this cost and I find that it is reasonable. Petitioner shall therefore be fully reimbursed.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $9,842.50 |
| (Reduction of Fees) | - ($350.00) |
| **Total Attorneys' Fees Awarded** | **$9,492.50** |
| | |
| Attorneys' Costs Requested | $459.90 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$459.90** |
| | |
| **Total Attorneys' Fees and Costs** | **$9,952.40** |
| | |
| **Petitioner's Costs** | **$1,997.40** |
| | |
| **Total Amount Awarded** | **$11,949.80** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $9,952.40, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Alexander Laufer[3]; and**

2) **a lump sum in the amount of $1,997.40, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).